JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Douglas Burns

## DEFENDANTS

City of Redwood City, et. al.

**(b)** County of Residence of First Listed Plaintiff   San Mateo
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Michael J. Haddad and Julia Sherwin
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, CA 94612; Tel: (510) 452-5500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☒ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §§ 1983 and 1988; U.S. Const. Ams. 1, 4, and 14.
Brief description of cause:
Defendant officer's use of excessive force violated rights and caused injury.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  6/17/08

SIGNATURE OF ATTORNEY OF RECORD

DONALD L GALINE, ESQ. (State Bar No. 83452)
LAW OFFICES OF DONALD L. GALINE
411 Borel Avenue, Suite 500
San Mateo, Ca 94402
Telephone: (650) 345-8484
Facsimile: (650) 345-9875

MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
Douglas Burns

**FILED**

**JUN 1 7 2008**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

ADR

DOUGLAS BURNS, Individually,

                Plaintiff,

vs.

CITY OF REDWOOD CITY, a public
entity, REDWOOD CITY POLICE
DEPARTMENT, POLICE OFFICER
JAIME MATEO, POLICE OFFICER
DAVID GOUGH, POLICE OFFICER
RAMIRO PEREZ, POLICE OFFICER
STEPHEN SYSUM, POLICE
OFFICER RICH HARRINGTON,
individually, and DOES 1-10,

                Defendants.

Case No.  **C08-02995**  EDL

**COMPLAINT FOR DAMAGES
AND JURY DEMAND**

Plaintiff, by and through his attorneys, HADDAD & SHERWIN and LAW OFFICES

OF DONALD L. GALINE, for his Complaint against Defendants, states as follows:

1

### JURISDICTION

2    1.    This is a civil rights action arising from Defendants' unreasonable seizure

3    and use of excessive force against Plaintiff DOUGLAS BURNS ("BURNS"), on or about

4    April 1, 2007, in the City of Redwood City, County of San Mateo, California. This action

5    is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth

6    Amendments to the United States Constitution. Jurisdiction is founded upon 28 USC §§

7    1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional

8
provisions. The amount in controversy herein, excluding interest and costs, exceeds the

9

10    minimum jurisdictional limit of this Court. Plaintiff further invokes the supplemental

11    jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising

12    under state law.

13

### INTRADISTRICT ASSIGNMENT

14
2.    A substantial part of the events and/or omissions complained of herein
15
occurred in San Mateo County, California, and this action is properly assigned to the San
16
17    Francisco Division of the United States District Court for the Northern District of

18    California.

19

### PARTIES AND PROCEDURE

20    3.    Plaintiff DOUGLAS BURNS is a resident of the STATE OF CALIFORNIA.

21    4.    Defendant CITY OF REDWOOD CITY is a public entity established and

22
maintained by the laws and Constitution of the State of California, and owns, operates,
23
manages, directs, and controls the Redwood City Police Department ("RCPD"), and
24
25    employs and/or is responsible for other defendants in this action.

26

27

28

COMPLAINT AND JURY DEMAND                    2

1       5.    Defendant RCPD is, and at all times herein mentioned was, a municipal

2   entity in the County of San Mateo in the State of California, and is wholly owned and

3   operated by Defendant CITY OF REDWOOD CITY.

4       6.    Defendant POLICE OFFICER JAIME MATEO, ("MATEO") at all material

5   times was employed as a police officer by Defendants CITY OF REDWOOD CITY and

6   RCPD, and was acting within the course and scope of that employment.

7       7.    Defendant POLICE OFFICER DAVID GOUGH, ("GOUGH") at all material

8
9   times was employed as a police officer by Defendants CITY OF REDWOOD CITY and

10  RCPD, and was acting within the course and scope of that employment.

11      8.    Defendant POLICE OFFICER RAMIRO PEREZ, ("PEREZ") at all material

12  times was employed as a police officer by Defendants CITY OF REDWOOD CITY and

13  RCPD, and was acting within the course and scope of that employment.

14
    9.    Defendant POLICE OFFICER STEPHEN SYSUM ("SYSUM") at all material

15
16  times was employed as a police officer by Defendants CITY OF REDWOOD CITY and

17  RCPD, and was acting within the course and scope of that employment.

18      10.    Defendant POLICE OFFICER RICH HARRINGTON ("HARRINGTON") at

19  all material times was employed as a police officer by Defendants CITY OF REDWOOD

20  CITY and RCPD, and was acting within the course and scope of that employment.

21      11.    The true names and capacities of Defendants sued herein as DOES 1-10

22
23  ("DOE defendants") are unknown to Plaintiff, who therefore sues said Defendants by

24  such fictitious names, and Plaintiff will seek leave to amend this complaint to show their

25  true names and capacities when the same are ascertained.  Each DOE defendant was

26
27
28

1  an employee/agent of the CITY OF REDWOOD CITY and the RCPD, and at all material
2  times acted within the course and scope of that relationship.

3  12.    Plaintiff is informed and believes and thereon alleges that each of the
4  Defendants sued herein was negligently, wrongfully, and otherwise responsible in some
5  manner for the events and happenings as hereinafter described, and proximately caused
6  injuries and damages to Plaintiff.  Further, one or more DOE defendants was at all
7  material times responsible for the hiring, training, supervision, and discipline of
8  Defendants and other DOE Defendants.
9

10  13.    Plaintiff is informed and believes, and thereon alleges, that each of the
11  Defendants was at all material times an agent, servant, employee, partner, joint venturer,
12  co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things
13  herein alleged, was acting within the course and scope of that relationship.  Plaintiff is
14  further informed and believes, and thereon alleges, that each of the Defendants herein
15  gave consent, aid, and assistance to each of the remaining Defendants, and ratified
16  and/or authorized the acts or omissions of each Defendant as alleged herein, except as
17  may be hereinafter otherwise specifically alleged.
18

19  14.    At all material times, each Defendant was jointly engaged in tortious
20  activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

21  15.    At all material times, each Defendant acted under color of the laws,
22  statutes, ordinances, and regulations of the CITY OF REDWOOD CITY and RCPD.
23

24  16.    The acts and omissions of Defendants MATEO, GOUGH, PEREZ, SYSUM,
25  HARRINGTON and DOES 1-10 as set forth herein at all material times were pursuant to
26
27
28

COMPLAINT AND JURY DEMAND                              4

the actual customs, policies, practices and procedures of the CITY OF REDWOOD CITY and RCPD.

17.     This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

## GENERAL ALLEGATIONS

18.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

19.     On or about April 1, 2007, in the City of Redwood City, County of San Mateo, California, in the evening, Plaintiff BURNS, a diabetic, was at the Century 20 Theater.  At that time, Plaintiff BURNS began to experience very low blood sugar levels and walked towards the theater snack bar to purchase a candy bar to stabilize his blood sugar and prevent insulin shock.

20.     Mr. BURNS is informed and believes that Mikhail Burlyga, the theater security guard, saw the disoriented Plaintiff, misunderstood the nature of Plaintiff's condition, and escorted Plaintiff away from the snack bar and out of the theater. The security guard then called 911 and requested that the police investigate.

21.     Mr. BURNS is informed and believes that outside of the theater, plaintiff went into a potentially life-threatening episode of insulin shock. His physical faculties deteriorated and he became increasingly non-responsive and dazed.

22.     Mr. BURNS is informed and believes that defendant police officers MATEO and GOUGH, arrived at the theater and confronted Plaintiff, who did not respond. When Plaintiff attempted to re-enter the theater, Defendant MATEO pepper-sprayed Plaintiff in the face and then Defendants MATEO and GOUGH forcibly threw Plaintiff to the ground.  At that time, Plaintiff BURNS obviously was an emotionally

COMPLAINT AND JURY DEMAND                                    5

disturbed person as well as a disabled person with diabetes, requiring medical care for his insulin shock and special police procedures and tactics. Defendants MATEO and GOUGH failed to use appropriate procedures and tactics in their interaction with Mr. BURNS, ultimately arresting Plaintiff, using excessive and unnecessary force against Plaintiff causing great bodily injury to Plaintiff, and calling for backup.

23.    Mr. BURNS is informed and believes that while Plaintiff was on the ground, Defendants forced Plaintiff's forehead into the concrete. Defendants Gough and Mateo, and each of them, struck Plaintiff in the left rib cage area several times with a baton, and forcefully pinned Plaintiff's right arm with nunchucks.

24.    When Defendant PEREZ arrived on the scene, Defendants MATEO and GOUGH continued to strike and restrain Plaintiff. Defendant PEREZ assisted, participated, and/or failed to intervene to protect Plaintiff from excessive force by fellow officers. Defendant PEREZ failed to use appropriate procedures and tactics in his interaction with Mr. BURNS, ultimately using excessive and unnecessary force against Plaintiff in his assistance of Defendants MATEO and GOUGH, causing great bodily injury to Plaintiff.

25.    Mr. BURNS is informed and believes that additional backup RCPD officers, Defendants SYSUM and HARRINGTON and DOES 1-10 arrived and, together with Defendants MATEO, GOUGH, and PEREZ, continued to strike and restrain Plaintiff. Defendant SYSUM also forcibly held Plaintiff's legs. Defendants, and each of them, also used control holds and other physical tactics constituting excessive force under the circumstances that on information and belief caused injury to Plaintiff.  At all material times, Plaintiff's status as a disabled, diabetic, and emotionally disturbed person,

1    requiring medical care for diabetic shock and special police procedures and tactics,

2    remained obvious and apparent to all defendants.

3    26.    Mr. BURNS is informed and believes that Defendants, and each of them,

4    handcuffed him, placed him under arrest, and put Plaintiff in a patrol car. Defendants then

5    summoned the fire department and paramedics to flush the pepper spray from Plaintiff's

6    eyes.

7

8    27.    Mr. BURNS is informed and believes that Defendant GOUGH questioned

9    Plaintiff and recorded the questioning on a voice recorder. Despite being dazed from

10    diabetic shock and from Defendants' severe beating, Mr. BURNS told Defendant

11    GOUGH during questioning that he, the Plaintiff, was a diabetic.

12    28.    At all times during Mr. BURNS' contact with Defendants, Plaintiff was

13    wearing a highly visable "MedicAlert" bracelet indicating that the Plaintiff suffered from

14    Type I diabetes. At all times during Plaintiff's contact with Defendants, Plaintiff was a

15

16    disabled diabetic and emotionally disturbed person who required medical care for

17    potentially life-threatening diabetic shock. Plaintiff never displayed any weapon or posed

18    a substantial threat to anyone in any way. The behavior and symptoms Plaintiff exhibited

19    during the incident were those typical of an individual suffering from diabetic insulin

20    shock.

21    29.    Mr. BURNS is informed and believes that when the paramedics arrived,

22    they treated Plaintiff for lacerations to the nose and forehead that Defendants, through

23    their use of unnecessary and excessive force, caused. After learning Plaintiff was

24    diabetic, paramedics performed a simple blood test that revealed that Plaintiff's blood

25    sugar level was only 26 mg/dL. A blood sugar level under 40mg/dL is considered a

26

27

28

COMPLAINT AND JURY DEMAND                7

serious health threat and can lead to permanent brain damage, coma, or even death if left untreated. The paramedics treated Plaintiff on scene by administering a glucose infusion and transported him to the hospital for treatment of insulin shock.

30.    Despite knowing Plaintiff's medical condition, the Defendants caused Plaintiff to be charged with assaulting a police officer (Cal. Penal Code 243(b)) and resisting arrest (Cal. Penal Code 148). Mr. BURNS was required to retain criminal counsel and face those charges in court when he was arraigned on May 2, 2007. Prosecutors later dismissed the charges against Plaintiff on May 30, 2007 for lack of evidence.

31.    The force used by Defendants against Plaintiff was unjustified and objectively unreasonable under the circumstances.

32.    Defendants' seizure of Plaintiff was done without probable cause, reasonable suspicion, or other legal right, lasted an excessive amount of time, and was conducted unreasonably.

33.    Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendants decided to use force against Plaintiff, and caused an escalation of events leading to their use of force against and injury to Plaintiff BURNS.

34.    Defendants' unreasonable seizure and use of excessive force against Plaintiff was done at least in part because of Plaintiff's disability (diabetes) and status as an emotionally disturbed person.

35.    At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless,

COMPLAINT AND JURY DEMAND                                8

1    malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly

2    negligent, negligent, and objectively unreasonable.

3      36.    Since that day, Plaintiff has required continuing medical treatment for his

4    injuries caused by Defendants. Plaintiff has incurred substantial medical bills.

5      37.    As a direct and proximate result of each Defendant's acts and/or omissions

6    as set forth above, Plaintiff sustained the following injuries and damages, past and future,

7    among others:

8

9        a.    Severe physical injuries requiring medical treatment, including but not limited to lacerations to his face, injuries to his rib cage, right

10           shoulder, neck and both hands, and exacerbation of his underlying diabetic condition, and injury to his nervous system;

11

12        b.    Wrongful seizure and imprisonment;

13        c.    Failure to accommodate his diabetic disability and discrimination;

14        d.    Pain and suffering, including emotional distress;

15        e.    Medical expenses;

16        f.    Violation of constitutional rights;

17        g.    Lost Earnings;

18        h.    Economic losses from arrest and prosecution including attorney's

19           fees and costs;

20        i.    Harm to Reputation;

21        j.    All damages and penalties recoverable under 42 USC §§ 1983 and

22           1988, and as otherwise allowed under California and United States statutes, codes, and common law.

23

24      38.    Plaintiff filed a timely claim with Defendant CITY OF REDWOOD CITY

25    pursuant to California Government Code § 910 et seq. on July 25, 2007. Defendant

26    CITY OF REDWOOD CITY rejected that claim on August 30, 2007.

27

28

COMPLAINT AND JURY DEMAND          9

1

2

**COUNT ONE**

3
**-- 42 USC §1983 --**

**DEFENDANTS MATEO, GOUGH, PEREZ, SYSUM, HARRINGTON AND DOES 1-10**

4

5        39.    Plaintiff realleges each and every paragraph in this complaint as if fully set

6    forth here.

7        40.    By the actions and omissions described above, Defendants MATEO,

8    GOUGH, PEREZ, SYSUM, HARRINGTON and DOES 1-10 violated 42 USC §1983,

9    depriving Plaintiff of the following clearly-established and well-settled constitutional rights

10   protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

11

12                a.    The right to be free from unreasonable searches and seizures as
                        secured by the Fourth and Fourteenth Amendments;

13                b.    The right to be free from excessive and unreasonable force in the
14                      course of arrest or detention as secured by the Fourth and
                        Fourteenth Amendments.

15
                  c.    The right to be free from malicious prosecution as secured by the
16                      Fourth and Fourteenth Amendments.

17       41.    As a direct and proximate result of Defendants' acts and/or omissions as

18   set forth above, Plaintiff sustained injuries and damages as set forth at paragraph 37,

19
     above.

20

21       42.    Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff

22   of rights described herein, knowingly, maliciously, and with conscious and reckless

23   disregard for whether the rights and safety of Plaintiff and others would be violated by

24   their acts and/or omissions.

25

26

27

28

COMPLAINT AND JURY DEMAND                          10

43.     The conduct of Defendants MATEO, GOUGH, PEREZ, SYSUM,

HARRINGTON and DOES 1-10 entitles Plaintiff to punitive damages and penalties

allowable under 42 USC §1983 and California law.

44.     Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC

§1988 and applicable California codes and law.

**COUNT TWO**
**- 42 USC §1983 – Supervisory and Municipal Liability**
**DEFENDANTS CITY OF REDWOOD CITY, REDWOOD CITY POLICE DEPARTMENT**
**AND DOES 1-10**

45.     Plaintiff realleges each and every paragraph in this complaint as if fully set

forth here.

46.     On information and belief, the unconstitutional actions and/or omissions of

Defendants MATEO, GOUGH, PEREZ, SYSUM, HARRINGTON and DOES 1-10, as well

as other officers employed by or acting on behalf of Defendants CITY OF REDWOOD

CITY and RCPD, were pursuant to the following customs, policies, practices, and/or

procedures of the RCPD, stated in the alternative, which were directed, encouraged,

allowed, and/or ratified by policy making officers for the CITY OF REDWOOD CITY and

the RCPD:

    a.    To use or tolerate the use of excessive and/or unjustified force,
          including in the use of batons, defensive tactics, and application of
          control holds during the seizure of a person;

    b.    To engage in or tolerate unreasonable seizures;

    c.    To fail to use appropriate and generally accepted law enforcement
          procedures in handling emotionally disturbed persons and persons in
          diabetic emergencies;

COMPLAINT AND JURY DEMAND                          11

    d.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling emotionally disturbed persons and persons having diabetic emergencies;

    e.    To cover-up violations of constitutional rights by any or all of the following:

        i.    by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, and/or handling of emotionally disturbed persons and persons having diabetic emergencies;

        ii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iii.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    f.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and,

    g.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.

47.    Defendants CITY OF REDWOOD CITY, RCPD, and DOES 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants MATEO, GOUGH, PEREZ, SYSUM, HARRINGTON and DOES 1-10, and other law enforcement personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

COMPLAINT AND JURY DEMAND               12

48. The unconstitutional actions and/or omissions of Defendants MATEO, GOUGH, PEREZ, SYSUM, HARRINGTON and DOES 1-10, and other law enforcement personnel, as described above, were approved, tolerated and/or ratified policy making officers for the RCPD. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY OF REDWOOD CITY and the RCPD, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY OF REDWOOD CITY and the RCPD have approved of the conduct of Defendants MATEO, GOUGH, PEREZ, SYSUM, HARRINGTON and DOES 1-10, and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the CITY OF REDWOOD CITY and the RCPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

49. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendants CITY OF REDWOOD CITY, RCPD, and DOES 1-10, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 40, above.

50. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless

COMPLAINT AND JURY DEMAND                    13

disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

51. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF REDWOOD CITY, RCPD, and DOES 1-10, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 40-44, above, and punitive damages against DOES 1-10 in their individual capacities.

## COUNT THREE
## -- VIOLATION OF CIVIL CODE §52.1 --
## ALL DEFENDANTS

52. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

53. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from malicious prosecution as secured by the Fourth and Fourteenth Amendments;

    d. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

COMPLAINT AND JURY DEMAND            14

1
    e. The right to be free from unlawful and unreasonable seizure of one's
  person as secured by the California Constitution, Article 1, Section 13;

2

3
    f. The right to be free from unreasonable or excessive force, as secured
  by the California Constitution, Article 1, Section 13;

4
    g. The right to protection from bodily restraint, harm, or personal insult, as
  secured by Civil Code § 43.

5

6
  54. As a direct and proximate result of Defendants' violation of California Civil

7
  Code §52.1 and of Plaintiff's rights under the United States and California Constitutions

8
  and statutes, Plaintiff sustained injuries and damages, and is entitled to relief as set forth

9

10
  above at ¶¶ 41-44, and all damages allowed by California Civil Code §§52, 52.1, and

11
  California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

12
  **COUNT FOUR**

13
  **-- VIOLATION OF CALIFORNIA CIVIL CODE §51.7 --**
  **ALL DEFENDANTS**

14
  55. Plaintiff realleges each and every paragraph in this complaint as if fully set

15
  forth here.

16

17
  56. By their acts, omissions, customs, and policies, each Defendant acting in

18
  concert/conspiracy, as described above, violated Plaintiff's rights secured by California

19
  Civil Code §51.7 to be free from any violence, or intimidation by threat of violence,

20
  committed against his person or property because of his physical disability.

21
  57. As a direct and proximate result of Defendants' violation of California Civil

22
  Code §51.7, Plaintiff sustained injuries and damages, and is entitled to relief as set forth

23

24
  above at ¶¶ 41-44, and all damages allowed by California Civil Code §§52, 51.7, and

25
  California law, not limited to attorney fees, costs, treble damages, and civil penalties.

26
  **COUNT FIVE**

27

28

COMPLAINT AND JURY DEMAND     15

1

**-- NEGLIGENCE; PERSONAL INJURIES --**
**ALL DEFENDANTS**

2

58.     Plaintiff realleges each and every paragraph in this complaint as if fully set

3

forth here.

4

59.     At all times, each Defendant owed Plaintiff the duty to act with due care in

5

the execution and enforcement of any right, law, or legal obligation.

6

7

60.     At all times, each Defendant owed Plaintiff the duty to act with reasonable

8

care.

9

61.     These general duties of reasonable care and due care owed to Plaintiff by

10

all Defendants include but are not limited to the following specific obligations:

11

12

      a.     to refrain from using excessive and/or unreasonable force against
          Plaintiff;

13

      b.     to refrain from wrongfully arresting and/or detaining Plaintiff;

14

      c.     to use generally accepted police procedures and tactics that are

15

          reasonable and appropriate for Plaintiff's status as an emotionally
          disturbed person;

16

17

      d.     to use generally accepted police procedures and tactics that are
          reasonable and appropriate in assessing Plaintiff's status as a

18

          person in a diabetic emergency;

19

      e.     to refrain from abusing their authority granted them by law;

20

      f.     to refrain from violating Plaintiff's rights guaranteed by the United
          States and California Constitutions, as set forth above, and as

21

          otherwise protected by law.

22

62.     Additionally, these general duties of reasonable care and due care owed to

23

Plaintiffs by Defendants CITY OF REDWOOD CITY, RCPD, and DOES 1-10, include but

24

25

are not limited to the following specific obligations:

26

      a.     to properly and adequately hire, investigate, train, supervise, monitor
          and discipline their employees, agents, and/or SJPD officers to

27

28

COMPLAINT AND JURY DEMAND                              16

1      ensure that those employees/agents/officers act at all times in the
       public interest and in conformance with law;

2          b.   to make, enforce, and at all times act in conformance with policies
3               and customs that are lawful and protective of individual rights,
4               including Plaintiff's;

5          c.   to refrain from making, enforcing, and/or tolerating the wrongful
               policies and customs set forth at paragraph 46, above.

6

7      63.     Defendants, through their acts and omissions, breached each and every

8  one of the aforementioned duties owed to Plaintiff.

9      64.     As a direct and proximate result of Defendants' negligence, Plaintiff

10 sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 41-44.

11
                                **COUNT SIX**
12                       **-- ASSAULT AND BATTERY --**
                              **ALL DEFENDANTS**
13

14     65.     Plaintiff realleges each and every paragraph in this complaint as if fully set

15 forth here.

16     66.     The actions and omissions of Defendants as set forth above constitute

17 assault and battery.

18     67.     As a direct and proximate result of Defendants' assault and battery of
19
   Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth
20
21 above at ¶¶ 41-44.

22                              **COUNT SEVEN**
               **-- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS --**
23                            **ALL DEFENDANTS**

24     68.     Plaintiff realleges each and every paragraph in this complaint as if fully set

25 forth here.

26

27

28

   COMPLAINT AND JURY DEMAND                      17

1    69.    In addition to Plaintiff's medical and physical distress, Plaintiff has suffered

2    severe emotional distress proximately caused by the Defendants' extreme and

3    outrageous conduct, as set forth above. Defendants engaged in the aforementioned

4    conduct with a wanton and reckless disregard of the prospect of causing Plaintiff

5    emotional distress and with knowledge that Plaintiff's severe emotional distress would

6    increase as a result.

7
     70.    As a direct and proximate result of Defendants' intentional infliction of
8
9    emotional distress on the Plaintiff, Plaintiff sustained injuries and damages, and is entitled

10   to relief as set forth above at ¶¶ 41-44.

11                                   **COUNT EIGHT**
                          **-- FALSE ARREST AND IMPRISONMENT --**
12                                **ALL DEFENDANTS**

13   71.    Plaintiff realleges each and every paragraph in this complaint as if fully set

14   forth here.

15
     72.    At no time during the events described above, and at all other pertinent
16
17   times, did Defendants have a warrant for the arrest of Plaintiff, nor did Defendants have

18   any facts or information that constituted probable cause that Plaintiff had committed or

19   was about to commit a crime.

20   73.    Defendants, and each of them, intentionally and unlawfully exercised force

21   to restrain, detain, and confine Plaintiff, putting restraint on Plaintiff freedom of

22
     movement, and compelled Plaintiff to remain and/or move against his will. Defendants
23
24   authorized, directed, and assisted in procuring, without process, Plaintiff's unlawful arrest.

25

26

27

28

COMPLAINT AND JURY DEMAND                    18

74.   As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages and is entitled to relief as set forth at ¶¶ 41-44 above.

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

     a.   compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

     b.   punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

     c.   all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, 51.7, Cal. Code of Civ. Proc. 1021.5, and as otherwise may be allowed by California and/or federal law;

     d.   Injunctive relief, including but not limited to the following:

          i.   an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

          ii.   an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for handling emotionally disturbed persons and persons having diabetic emergencies, including in the seizure and use of force against such persons;

          iii.   an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

          iv.   an order requiring Defendants to train all RCPD Officers concerning generally accepted and proper tactics and procedures for handling

COMPLAINT AND JURY DEMAND                                    19

1    emotionally disturbed persons and persons having
     diabetic emergencies and this Court's orders
2    concerning the issues raised in injunctive relief
     requests i-iii, above;

3
         e.    such other and further relief as presented by the evidence in this
4               case and as this Court may deem appropriate.

5
6    DATED: June 17, 2008                    HADDAD & SHERWIN

7
8                                    /s/ _____

9                                    MICHAEL J. HADDAD
                                     Attorneys for Plaintiff
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT AND JURY DEMAND                    20

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

DATED:  June 17, 2008                    HADDAD & SHERWIN

/s/ _____
MICHAEL J. HADDAD
Attorneys for Plaintiff