1  **JOSEPH C. HOWARD, JR. [SBN: 050784]**
   **TODD H. MASTER (SBN: 185881)**
2  **HOWARD ROME MARTIN & RIDLEY LLP**
   1775 Woodside Road, Suite 200
3  Redwood City, CA 94061
   Telephone: (650) 365-7715
4

5  **Attorneys for Defendants CITY OF REDWOOD CITY, JAIME MATEO, DAVID GOUGH, RAMIRO PEREZ,**
6  **STEPHEN SYSUM, and RICHARD HARRINGTON**

7

8  UNITED STATES DISTRICT COURT

9  NORTHERN DISTRICT OF CALIFORNIA

10

11 | DOUGLAS BURNS,                                    | Case No. C 08-02995 JSW
12 |     Plaintiff,                                    |
   |                                                   | **DEFENDANTS' ANSWER TO**
13 | vs.                                               | **PLAINTIFFS' COMPLAINT; NOTICE OF**
   |                                                   | **INTENT TO SEEK ATTORNEYS' FEES;**
14 | CITY OF REDWOOD CITY, REDWOOD                     | **AND DEMAND FOR JURY TRIAL**
   | CITY POLICE DEPARTMENT, JAIME
15 | MATEO, DAVID GOUGH, RAMIRO PEREZ,
   | STEPHEN SYSUM, and RICHARD
16 | HARRINGTON, and DOES 1-10, inclusive,
17 |     Defendants.

18

19     COME NOW Defendants CITY OF REDWOOD CITY, sued herein as the REDWOOD

20 CITY POLICE DEPARTMENT, JAIME MATEO, DAVID GOUGH, RAMIRO PEREZ,

21 STEPHEN SYSUM, and RICHARD HARRINGTON, and in answer to the Complaint on file

22 herein, admit, deny and allege as follows.

23                              **JURISDICTION**

24     1.  Defendants admit that Plaintiff has alleged a violation of his civil rights on or about

25 April 1, 2007, that the action is brought pursuant to 42 USC §§ 1983 and 1988 and the Fourth

26 Amendment to the United States Constitution, that jurisdiction is founded upon 28 USC §§ 1331

1

Defendants' Answer to Complaint; Notice of Intent to Seek Jury Fees; Demand for Jury Trial
Case No. C 08-02995 JSW

and 1343(a) (3) and (4), that the amount claimed to be in controversy exceeds the jurisdictional limits of this court, and that Plaintiff has requested supplemental jurisdiction pursuant to 28 USC § 1367. Defendants deny each and every other allegation in that paragraph.

## INTRADISTRICT ASSIGNMENT

2. Defendants admit the allegations contained in Paragraph 2.

## PARTIES AND PROCEDURE

3. Defendants admit the allegations contained in Paragraphs 3, 4, 6, 7, 8, 9, 10, and 15 of the complaint.

4. Answering the allegations contained in Paragraph 5, Defendants admit that the City of Redwood City Police Department is a department of the City of Redwood City. Defendants deny each and every other allegation in that paragraph.

5. Answering the allegations contained in Paragraphs 11, 16 and 17, Defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of those paragraphs and, basing their denial on that ground, deny the allegations therein.

6. Answering the allegations contained in Paragraphs 12, 13, and 14, Defendants deny each and every allegation contained therein.

## GENERAL ALLEGATIONS

7. Answering Paragraph 18, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 17 as though fully set forth herein.

8. Answering the allegations contained in Paragraphs 19, 20, 21, 29, 30, 36, and 37, Defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of those paragraphs and, basing their denial on that ground, deny the allegations therein.

9. Answering the allegations contained in Paragraph 22, Defendants admit that Sergeant Gough and Officer Mateo attempted to speak with Mr. Burns and that he did not respond

///

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOOSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

and attempted to reenter the theater.  Pepper spray was applied by Officer Mateo and Mr. Burns was taken to the ground.  Defendants deny each and every other allegation contained therein.

10. Answering the allegations contained in Paragraph 23, Defendants admit that Sergeant Gough used an ASP and Officer Matteo used nunchuks in an attempt to control Mr. Burns.  Defendants deny each and every other allegation contained therein.

11. Answering the allegations contained in Paragraphs 24, 25, 27, 28, 31, 32, 33, 34, and 35, Defendants deny each and every allegation contained therein.

12. Answering the allegations contained in Paragraph 26, Defendants admit that Mr. Burns was handcuffed, placed under arrest, and put into a patrol car.  Paramedics and the Fire Department were summoned to flush pepper spray from his eyes.  Defendants deny each and every other allegation contained therein.

13. Defendants admit the allegations contained in Paragraph 38.

### COUNT ONE
### 42 USC § 1983
### DEFENDANTS MATEO, GOUGH, PEREZ, SYSUM, HARRINGTON AND DOES 1-10

14. Answering Paragraph 39, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 38 as though fully set forth herein.

15. Answering the allegations contained in Paragraphs 40, 41, 42, 43 and 44, Defendants deny each and every allegation contained therein.

### COUNT TWO
### 42 USC § 1983-Supervisory And Municipal Liability
### DEFENDANTS CITY OF REDWOOD CITY AND DOES 1-10

16. Answering Paragraph 45, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 44 as though fully set forth herein.

17. Answering the allegations contained in Paragraphs 46, 47, 48, 49, 50 and 51, Defendants deny each and every allegation contained therein.

///

///

3

Defendants' Answer to Complaint; Notice of Intent to Seek Jury Fees; Demand for Jury Trial
Case No. C 08-02995 JSW

## COUNT THREE
## VIOLATION OF CIVIL CODE § 52.1
## ALL DEFENDANTS

18. Answering Paragraph 52, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 51 as though fully set forth herein.

19. Answering the allegations contained in Paragraphs 53 and 54, Defendants deny each and every allegation contained therein.

## COUNT FOUR
## VIOLATION OF CALIFORNIA CIVIL CODE § 51.7
## ALL DEFENDANTS

20. Answering Paragraph 55, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 54 as though fully set forth herein.

21. Answering the allegations contained in Paragraphs 56 and 57, Defendants deny each and every allegation contained therein.

## COUNT FIVE
## NEGLIGENCE: PERSONAL INJURIES
## ALL DEFENDANTS

22. Answering Paragraph 58, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 57 as though fully set forth herein.

23. Defendants admit the allegations contained in Paragraphs 59, 60 and 62 of the Complaint.

24. Answering the allegations contained in Paragraphs 61 (c and d), Defendants allege that they are without sufficient information or belief to enable them to answer each and every allegation of those paragraphs and, basing their denial on that ground, deny the allegations therein. Defendants admit the remaining allegations contained in Paragraphs 61 of the Complaint.

25. Answering the allegations contained in Paragraphs 63 and 64, Defendants deny each and every allegation contained therein.

///

///

Defendants' Answer to Complaint; Notice of Intent to Seek Jury Fees; Demand for Jury Trial
Case No. C 08-02995 JSW

**COUNT SIX**
**ASSAULT AND BATTERY**
**ALL DEFENDANTS**

26. Answering Paragraph 65, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 64 as though fully set forth herein.

27. Answering the allegations contained in Paragraphs 66 and 67, Defendants deny each and every allegation contained therein.

**COUNT SEVEN**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**ALL DEFENDANTS**

28. Answering Paragraph 68, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 67 as though fully set forth herein.

29. Answering the allegations contained in Paragraphs 69 and 70, Defendants deny each and every allegation contained therein.

**COUNT EIGHT**
**FALSE ARREST AND IMPRISONMENT**
**ALL DEFENDANTS**

30. Answering Paragraph 71, Defendants re-allege and incorporate by reference herein their answers to Paragraphs 1 through 70 as though fully set forth herein.

31. Answering the allegations contained in Paragraph 72, Defendants admit there was no warrant for the arrest of Mr. Burns. Defendants deny each and every other allegation contained therein.

32. Answering the allegations contained in Paragraphs 73 and 74, Defendants deny each and every allegation contained therein.

**FIRST AFFIRMATIVE DEFENSE**

These answering Defendants allege that the Complaint fails to state a cause of action against these answering Defendants.

///

///

## SECOND AFFIRMATIVE DEFENSE

These answering Defendants deny any wrongdoing, negligence or liability on their part but, should it be determined that these Defendants are liable to Plaintiff, then these Defendants allege that Plaintiff was also legally at fault, and possibly others as well, and thus any recovery that might otherwise be rendered against these Defendants must be reduced by that percentage which reflects the comparative fault of others**.**

## THIRD AFFIRMATIVE DEFENSE

These answering Defendants allege that Plaintiff acted with full knowledge of all the facts and circumstances surrounding his injuries and that said matters of which Plaintiff assumed the risk proximately contributed to and proximately caused his injuries, if any.

## FOURTH AFFIRMATIVE DEFENSE

These answering Defendants allege their acts were necessary and privileged.

## FIFTH AFFIRMATIVE DEFENSE

These answering Defendants allege that at all times relevant herein, Defendants acted without malice and with probable cause.

## SIXTH AFFIRMATIVE DEFENSE

These answering Defendants allege that each of the acts alleged to have been committed by Defendant Redwood City Police Officers were committed in good faith and in the exercise of a good faith belief that said acts were proper and lawful and within their legal responsibility and discretion.

## SEVENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that the acts complained of occurred within the scope of Defendants' official duties and Defendants had no knowledge that said acts were illegal and/or unconstitutional nor were said acts clearly violative of Plaintiff's rights at the time they were committed.

///

6

Defendants' Answer to Complaint; Notice of Intent to Seek Jury Fees; Demand for Jury Trial
Case No. C 08-02995 JSW

### EIGHTH AFFIRMATIVE DEFENSE

These answering Defendants allege that Plaintiff was guilty of willful and gross carelessness, misconduct and negligence in and about the matters set forth in the Complaint, and that said willful and gross behavior proximately caused and contributed to the happening of the incident and to the injuries, loss and damages complained of, and Plaintiff's willful and gross behavior either bars or reduces any potential recovery.

### NINTH AFFIRMATIVE DEFENSE

These answering Defendants allege that Plaintiff, by his own conduct, induced and intentionally caused and brought about the conduct of which Plaintiff complains, and the injuries, loss and damages complained of, and Plaintiff's intentional conduct either bars or reduces any potential recovery.

### TENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that Plaintiff consented to the acts complained of in the Complaint and that said consent was both express and implied.

### ELEVENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that Plaintiff herein was under a duty pursuant to Penal Code §§ 69 and 148 to refrain from willfully resisting, delaying or obstructing a police officer; that Plaintiff breached this duty even though Plaintiff knew, or with the exercise of reasonable care should have known, that he was resisting, delaying or obstructing a police officer; and that as a direct and proximate result of the Plaintiff's breach of this duty, Plaintiff is barred from recovering any loss or damage Plaintiff may have incurred, if any.

### TWELFTH AFFIRMATIVE DEFENSE

These answering Defendants allege that Plaintiff herein was under a duty pursuant to Penal Code § 834(a) to refrain from using force or any weapon to resist his detention; that Plaintiff breached his duty even though he knew or with the exercise of reasonable care should have known that he was being detained by police officers; that as a direct and proximate result of the Plaintiff's

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOOSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

breach of this duty, Plaintiff is barred from recovering any loss or damage he may have incurred, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that Defendant Redwood City Police Officers acted with such force as was necessary in the protection of their own body and person.

### FOURTEENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that only such force as was necessary and authorized by Penal Code §§ 835, 835a, 839 and 843 was used in effecting the detention of Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that no more force was used on the Plaintiff's person than was necessary to overcome his resistance, prevent escape, prevent injury to the officers and to facilitate and safeguard a valid police investigation.

### SIXTEENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that Plaintiff's causes of action are barred by virtue of California Penal Code §§ 834, 836, 836.5 and 847(b).

### SEVENTEENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that each and every cause of action is barred by qualified immunity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

These answering Defendants allege that this Complaint is barred by the relevant portions of the California Government Code, including, but not limited to, §§ 815, 815.2, 818, 820, 820.2, 820.4, 820.6, 820.8, 821.6, 821.8, 822.2, and 845.8(b) (3).

### NINETEENTH AFFIRMATIVE DEFENSE

These answering Defendants contend that Plaintiff's cause of action is barred by virtue of the doctrine of unclean hands.

///

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOOSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

### TWENTIETH AFFIRMATIVE DEFENSE

These answering Defendants allege that Plaintiff has failed to mitigate the alleged damages, if any, which he claims to have sustained, and his recovery, if any, should be barred or diminished accordingly.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

These answering Defendants allege that that Plaintiff's cause of action is barred by virtue of Plaintiff's failure to comply with Government Code §§900 et seq. and particularly, Government Code §§ 905, 910, 911.2, 911.4, 945.6, and 946.6.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

These answering Defendants allege that each and every cause of action is barred by virtue of Plaintiff's failure to comply with the requirements of Code of Civil Procedure §§ 335, et seq., including, but not limited to §§335.1, 340 and 342.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

These answering Defendants contend that Plaintiff's action is frivolous, unreasonable and without foundation and therefore, Defendants are entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and Code of Civil Procedure §§ 1021.7 and 1038.

WHEREFORE, these answering Defendants pray that Plaintiff take nothing by his Complaint, for costs of suit herein, and for such other and further relief as to the Court may seem reasonable and proper.

DATE:   July 30, 2008

          HOWARD ROME MARTIN & RIDLEY LLP


By: /s/ Joseph C. Howard, Jr.
    JOSEPH C. HOWARD, JR.
    Attorneys for Defendants
    CITY OF REDWOOD CITY, JAIME MATEO, DAVID GOUGH, RAMIRO PEREZ, STEPHEN SYSUM, and RICHARD HARRINGTON

## NOTICE OF INTENT TO SEEK ATTORNEYS' FEES

TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants contend that Plaintiff's Complaint was not filed nor maintained in good faith or with reasonable cause and that these Defendants are entitled to and intend to seek reasonable attorneys' fees from the Plaintiff and from Plaintiff's attorneys of record, pursuant to Title 42 U.S.C. §1988 and Code of Civil Procedure §§ 1021.7 and 1038.

DATE: July 30, 2008

HOWARD ROME MARTIN & RIDLEY LLP


By: /s/ Joseph C. Howard, Jr.
JOSEPH C. HOWARD, JR.
Attorneys for Defendants
CITY OF REDWOOD CITY, JAIME MATEO, DAVID GOUGH, RAMIRO PEREZ, STEPHEN SYSUM, and RICHARD HARRINGTON

## JURY DEMAND

These answering Defendants hereby demand a trial by jury in this action.

DATE: July 30, 2008

HOWARD ROME MARTIN & RIDLEY LLP


By: /s/ Joseph C. Howard, Jr.
JOSEPH C. HOWARD, JR.
Attorneys for Defendants
CITY OF REDWOOD CITY, JAIME MATEO, DAVID GOUGH, RAMIRO PEREZ, STEPHEN SYSUM, and RICHARD HARRINGTON

Defendants' Answer to Complaint; Notice of Intent to Seek Jury Fees; Demand for Jury Trial
Case No. C 08-02995 JSW