MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
GINA ALTOMARE (State Bar No. 273099)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
Douglas Burns

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS BURNS, Individually,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF REDWOOD CITY, a public entity, REDWOOD CITY POLICE DEPARTMENT, POLICE OFFICER JAIME MATEO, POLICE OFFICER DAVID GOUGH, and POLICE OFFICER RAMIRO PEREZ, individually, and DOES 1-10,<br><br>            Defendants. | Case No. C-08-2995 RS<br><br>Hon. Richard Seeborg<br><br>**PLAINTIFF'S SIXTH MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT HEATHER XITCO, HER UNDISCLOSED DATA SUMMARIES, AND ALL EVIDENCE, COMMENT OR ARGUMENT CONCERNING HER REPORT AND OPINIONS**<br><br>Trial Date:  May 31, 2011<br>Time:  9:00 a.m.<br>Courtroom:  3, 17th Floor |

**PLAINTIFF'S SIXTH MOTION IN LIMINE TO EXCLUDE DEFENDANTS' EXPERT HEATHER XITCO, HER UNDISCLOSED DATA SUMMARIES, AND ALL EVIDENCE, COMMENT OR ARGUMENT CONCERNING HER REPORT AND OPINIONS**

### I.   INTRODUCTION

Plaintiff, by and through his attorneys, Haddad and Sherwin, moves to exclude Defendants' rebuttal expert on economic damages, Heather Xitco, her still undisclosed data summaries (Defendants' proposed exhibits 251, 252, and 253), as well as all evidence, comment or argument concerning Ms. Xitco's opinions, report and summaries. Ms. Xitco is not an economist and is not qualified to rebut Plaintiff's expert economist, Phillip H. Allman, Ph.D.  Further, Ms. Xitco's expert opinion is improper in that it is speculative, draws legal conclusions, and makes credibility determinations.  Finally, the charts and summaries prepared by Ms. Xitco, which Defendants seek to introduce at trial, were not timely disclosed.

### II.   FACTS

Plaintiff retained Phillip Allman, Ph.D. as an expert economist to conduct an analysis of income loss sustained by Plaintiff as a result of injuries he attributes to this incident.  Dr. Allman filed a timely Rule 26 report and Defendants deposed him on April 9, 2010.  (**Exhibit N,** Allman Report).  Defendants retained an accountant, Heather Xitco, as a rebuttal expert.  Ms. Xitco does not hold herself out as an economist, and she has no education or training in economics beyond a bachelor's degree.  (**Exhibit Q,** Xitco Dep., 23:4-24).

Though Ms. Xitco criticizes the methodology and data relied by Dr. Allman, she admitted in her deposition: "I have not been retained to opine to the standard of care of an expert economist." (**Ex Q,** 32:16-17).  Ms. Xitco also fails to apply any stated

methodology or economic principles in forming her opinions concerning Mr. Allman's opinions. And she fails to provide any analysis of Plaintiff's income loss herself, stating only that "there is insufficient support for a loss of earnings claim by Mr. Burns." (**Exhibit R,** Xitco Report, ¶ 5). Ms. Xitco's criticism of Dr. Allman boils down to the fact that his opinions are based in part on Doug Burns' sworn testimony and interrogatory answers concerning his earnings history and disability, as well as the reports and testimony of Plaintiff's treating doctors concerning Plaintiff's disability.

Rather than applying any economic analysis of her own, Ms. Xitco simply opines that Dr. Allman's opinions "lack foundation" are "speculative" and "should not be relied upon." She states the following in her report:

- "Dr. Allman's conclusion of damages is speculative." (**Ex R,** ¶ 5).
- It is "speculative to opine to earnings Mr. Burns would have had if the incident had not occurred." (**Ex R,** ¶ 8).
- "There is no foundation to assume Mr. Burns would have earned $73,000 per year but-for the incident." (**Ex R,** ¶ 9).
- "At this time, I have seen no medical foundation to support Dr. Allman's assumption that Mr. Burns has or will be disabled from returning to his pre-incident earnings capacity. Additionally, I have seen no vocational rehabilitation foundation to support Dr. Allman's assumptions . . .." (**Ex R,** ¶ 14).
- "By Dr. Allman's own standards this component of damages is unfounded, it is speculative and it should not be considered." (**Ex R,** ¶ 16).

No. C-08-2995 RS: PLAINTIFF'S SIXTH MOTION IN LIMINE 3

Ms. Xitco concludes: "It is my opinion that there is no foundation to calculate any loss of income to Mr. Burns as a result of the incident on April 1, 2007 for reasons described in this report. Additionally, it is my opinion that Dr. Allman's analysis of damages is overstated, lacks foundation, and should not be relied upon." (**Ex R,** ¶ 19). Thus, in addition to offering legal conclusions concerning the evidence in this case and what is proper legal "foundation" for an expert's opinions, Ms. Xitco also makes a credibility determination concerning Plaintiff's expert economist, opining that his analysis "should not be relied upon." (**Ex R,** ¶ 19; **Ex Q,** 43:6-9).

Ms. Xitco also assesses Mr. Burns' credibility concerning his past earnings, (**Ex Q,** 44:15-20). She is critical of Dr. Allman for relying on Mr. Burns' sworn testimony of what he has earned without other corroboration. (**Ex Q,** 42:19, 43:1). She offers no source or economic standard requiring economists to corroborate earnings information that has been provided by a party under oath.

Plaintiff's counsel asked Ms. Xitco in her deposition if she knew whether a court considers a witness' sworn testimony to be a sufficient foundation for an expert opinion. (**Ex Q,** 36:8-38:11). Defendants' counsel objected on the ground that a question about evidentiary foundation calls for a question of law, and instructed her not to answer such questions. (**Ex Q,** 36:8-21; 37:18-38:11).

Ms. Xitco's opinions are simply based on her questioning of Plaintiff's credibility. (**Ex Q,** 44:15-20). There is no expertise required to question any witness' credibility. That is strictly the province of the jury. Yet when asked about that basic rule in her deposition, defense counsel insisted on coaching this "expert" witness and ultimately instructing her not to answer. (**Ex Q,** 44:21-45:19).

No. C-08-2995 RS:  PLAINTIFF'S SIXTH MOTION IN LIMINE           4

Defendants' accountant provides further improper expert opinion when she opines that Plaintiff has no pattern of disability, (**Ex R,** ¶ 15), and weighs the medical evidence and testimony in this case. (**Ex R,** ¶ 14).

Finally, Defendants seek to introduce at trial three previously undisclosed summaries prepared by Ms. Xitco (Defendants' proposed exhibits 251, 252, and 253). These summaries were not attached to Ms. Xitco's Rule 26 report, nor were they disclosed during Ms. Xitco's deposition just last week when Plaintiff's counsel asked whether her report contains all of her opinions and conclusions in this case. (**Ex Q,** 9:2-24). To date, Plaintiff's counsel have never seen these data summaries.

### III. LEGAL ARGUMENT

**A. Defendants' Rebuttal "Expert" Is Unqualified to Offer Opinions in the Field of Economics and Should Be Precluded from Testifying.**

Expert testimony is admissible when it will assist the trier of fact. FRE 702; *see also*, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993) (the relevant inquiry when determining admissibility of expert testimony is whether it would assist the jury's understanding of the evidence).

The Federal Rules of Evidence "assign the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Kumho Tire Co., Ltd. V. Carmichael, 526 U.S. 137 (1999), *citing* Daubert, 509 U.S. at 597. This "gatekeeping" obligation applies to proffered testimony based on "scientific, technical, or other specialized knowledge." Id. *See also*, FRE 702.

The focus of the inquiry under Federal Rule of Evidence 702 and Daubert "must be on the principles and methodology underlying an expert's testimony, not on the conclusions." Kennedy v. Collagen Corp.,161 F.3d 1226, 1228 (9th Cir. 1998). To be

admissible under Rule 702, the proffered testimony must be supported by "objective, verifiable evidence that the testimony is based on scientifically valid principles." Id.; *see also*, Daubert, 509 U.S. at 590 (expert testimony "must be supported by appropriate validation—i.e., 'good grounds,' based on what is known").

Here, Ms. Xitco is an accountant, not an economist and proffers opinions outside her area of expertise. Further, she fails to state any economic principles or methodology on which she bases her opinions. There is no "objective, verifiable evidence" that Ms. Xitco's testimony is based on valid economic principles or methodologies. Ms. Xitco is not a qualified expert in the field of economics and she should be precluded from testifying in this case.

### B. Defendants' "Expert" Should Be Precluded From Offering Improper Expert Opinion in the Form of Legal Conclusions.

An expert witness's legal conclusions are properly excluded. Nationwide Transp. Fin. v. Cass Info. Sys., Inc., 523 F.3d 1051, 1057-59 (9th Cir. 2008). Whether or not there is a proper evidentiary foundation is a question of law for the court to decide. FRE 104 ("the admissibility of evidence shall be determined by the court"). Defendants' counsel agrees. (**Ex Q,** 36:8-38:11).

Throughout her report, Ms. Xitco opines that Dr. Allman's conclusions "lack foundation," are "unfounded," and are "speculative." When Plaintiff's counsel attempted to ask Ms. Xitco about whether it is the duty of the judge to decide whether an expert's opinion has foundation or lacks foundation, Defendants' counsel instructed the witness not to answer, stating that Plaintiff's counsel was "going far afield from what this expert can testify about. And the judge is the only one that is going to tell us what he or she can or cannot do." (**Ex Q,** 37:18-25). The parties agree that the only meaning that can be

assigned to the term "lacks foundation" is a legal meaning. It is clearly improper for Ms. Xitco to proffer any testimony concerning questions of law, and any evidence or testimony about her opinions on foundation should be excluded.

### C. Defendants' "Expert" Should Be Precluded From Offering Improper Expert Opinion in the Form of Credibility Determinations.

"Expert testimony should not be permitted if it concerns a subject improper for expert testimony, for example, one that invades the province of the jury. Credibility is a matter to be decided by the jury." United States v. Binder, 769 F.2d 595, 602 (9th Cir. 1985), *overruled in part on other grounds*, United States v. Morales, 108 F.3d 1031 (9th Cir. 1997). *See also*, United States v. Jackson, 1998 U.S. App. LEXIS 24458, at * 4 (9th Cir. Sept. 25, 1998) (expert testimony is inadmissible if it would usurp jury's function to determine witness credibility); Nimely v. City of New York, 414 F.3d 381, 395-99 (2d Cir. 2005) (expert witness' opinion regarding whether other witnesses were credible should have been excluded under Daubert); Goodwin v. MTD Prods., Inc., 232 F.3d 600, 607-08 (7th Cir. 2000) (expert opinion concerning whether an individual was credible was speculative and inadmissible).

Throughout her report, Ms. Xitco attacks Dr. Allman's credibility as an expert economist and opines that he should not be believed. Ms. Xitco also offers opinions concerning the credibility of Plaintiff and an M.D. neurosurgeon, Dr. Ronald Greenwald, among others. This is clearly improper, as it usurps the function of the jury, and Ms. Xitco should not be allowed to proffer any opinions concerning any other witness' credibility.

Expert testimony is also properly excluded if it would not be helpful to the trier of fact. FRE 701; United States v. Langford, 802 F.2d 1176, 1179-80 (9th Cir. 1986) (trial

No. C-08-2995 RS: PLAINTIFF'S SIXTH MOTION IN LIMINE 7

court did not abuse its discretion by excluding proposed expert testimony regarding the reliability of eyewitnesses on the basis that the opinion would not assist the jury). Ms. Xitco's proffered opinions concerning the credibility of Dr. Allman, Mr. Burns or any other witness in this case would not be helpful to the jury. The jury is capable of judging witness credibility without the assistance of an "expert" accountant.

### D. Defendants' "Expert" Opinion Should Be Excluded Because It Consists of Speculation and Conjecture Rather Than Any Sound Economic Analysis.

Experts are properly excluded as unreliable when their opinions represent unsupported and untested conclusions. Cabrera v. Cordis Corp., 134 F.3d 1418, 1422-23 (9th Cir. 1998). *See also*, Gray v. Shell Oil Co., 469 F.2d 742, 749-50 (9th Cir. 1972) (expert's opinion that was speculative and not supported by the evidence was properly excluded).

Ms. Xitco's analysis is cursory at best and she offers no stated methodology underlying her conclusions. She has declined to present her own opinion concerning the proper calculation of Plaintiff's wage and earnings loss, or her own opinion of what would be proper assumptions for wage growth, interest rates, discount rates, or other figures that would underlie such an opinion. (**Ex Q,** 46:2 – 50:21). She has apparently conducted no economic analysis of her own to arrive at the conclusion that "Dr. Allman's analysis of damages is overstated, lacks foundation, and should not be relied upon." (**Ex R, ¶** 19). And she is unable to describe the standard of care for an economist. Ms. Xitco should be precluded from offering her baseless and conclusory opinions.

### E.  Defendants Should Not Be Allowed to Present Any Charts or Summaries by Their "Expert" That Were Not Timely Disclosed and Produced.

An expert witness' report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "any exhibits that will be used to summarize or support them."  FRCivP 26(a)(2)(B)(i) and (iii).  A rebuttal expert must provide such information within 30 days after the other party's disclosure.  FRCivP 26(a)(2)(C)(ii).  The party must supplement these disclosures at least 30 days before trial.  FRCivP 26(e)(2), 26(a)(3)(B).

Where a party does not justify its failure to timely disclose expert reports and statements, the court may disregard the untimely expert designations.  <u>Quevedo V. Trans-Pacific Shipping, Inc.</u>, 143 F.3d 1255, 1258 (9th Cir. 1998).  An expert witness may also be excluded for failure to provide complete opinions at the time of his or her deposition.  <u>Sowell v. Butcher & Singer, Inc.</u>, 926 F.2d 289, 301-302 (3d Cir. 1991).

Rule 37(c)(1) "gives teeth" to the requirements of Rule 26(a) by "forbidding the use on a motion or at trial of any information required to be disclosed by Rule 26 that is not properly disclosed."  <u>Johnson v. Kriplani</u>, 2008 U.S. Dist. LEXIS 51908, at 5 (E.D. Cal. 2008); *see also* <u>Von Brimer v. Whirlpool Corp</u>, 536 F.2d 838 (9th Cir. 1976) (upholding the exclusion of untimely disclosed documents under FRCP 37); <u>Yeti By Molly LTD v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106-07 (9th Cir. 2001) (explaining how Rule 37(c) excludes undisclosed expert opinion).

Defendants described Ms. Xitco's data summaries *for the first time* on April 29, 2011, in Defendants' table of proposed trial exhibits (Defs' Exs. 251-253); however, neither Ms. Xitco nor Defendants have ever produced any such summaries to Plaintiffs.

They do not appear anywhere in her report, nor did she disclose them during her deposition on April 27, 2011.  The disclosure of these summaries is untimely under Federal Rule of Civil Procedure 26, and Defendants offer no justification for disclosure of these summaries on the eve of trial.  Ms. Xitco's Rule 26 report is dated April 14, 2010, just over a year ago, and she testified in her deposition that although she has since received additional records from defense counsel, "My opinions have not changed since issuing my report in April of 2010."  (**Ex Q,** 9:8-24).  She did not mention any such data summaries at all in her deposition.  Because these summaries and any analyses contained therein were not timely disclosed, they and any evidence, comment or argument concerning them should be excluded.

### IV.     RELIEF REQUESTED

For the foregoing reasons, Plaintiff moves in limine to preclude Heather Xitco, her undisclosed data summaries (Defs' Exs. 251-253), as well as all evidence, comment or argument concerning Ms. Xitco's opinions, report, and summaries in this matter.

Respectfully Submitted,

Dated:  May 2, 2011             HADDAD & SHERWIN


/s/ Gina Altomare
GINA ALTOMARE
Attorneys for Plaintiff

No. C-08-2995 RS:  PLAINTIFF'S SIXTH MOTION IN LIMINE                                                           10