JOSEPH C. HOWARD, JR. [SBN: 050784]
TODD H. MASTER [SBN: 185881]
MELISSA M. HOLMES [SBN: 220961]
HOWARD ROME MARTIN & RIDLEY LLP
1775 Woodside Road, Suite 200
Redwood City, CA 94061
Telephone: (650) 365-7715

Attorneys for Defendants CITY OF REDWOOD CITY;
JAIME MATEO and DAVID GOUGH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS BURNS, Individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDWOOD CITY, a public entity; REDWOOD CITY POLICE DEPARTMENT; POLICE OFFICER JAIME MATEO; POLICE OFFICER DAVID GOUGH; POLICE OFFICER RAMIRO PEREZ; POLICE OFFICER STEPHEN SYSUM; POLICE OFFICER RICH HARRINGTON, individually, and DOES 1-10,<br><br>Defendants. | Case No. C08-02995 RS<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 6 TO EXCLUDE DEFENDANTS' EXPERT HEATHER XITCO, HER OPINIONS AND HER EXHIBITS**<br><br>JUDGE: Hon. Richard Seeborg<br>TRIAL: May 31, 2011 |

## I. INTRODUCTION

Defendants, CITY OF REDWOOD CITY, JAIME MATEO and DAVID GOUGH, file this memorandum in opposition to plaintiff's sixth motion in limine to exclude the testimony of defendants' expert Heather Xitco, her opinions and her exhibits.

Heather Xitco is a CPA qualified to analyze Burns' claimed income loss.

///

///

1

## II. FACTS

Heather Xitco's qualifications to testify as an expert on plaintiff's claimed income loss are set forth in her Rule 26 disclosure expert report. *See* Exhibit R to Declaration of Gina Altomare in Support of Plaintiff's Motions in Limine ("Altomare Dec.") [Doc. 120-18]. Exhibit B to Xitco's report lists the cases in which she has qualified as an expert on the subject of economic loss between May 1, 2006 and April 12, 2010. *See* Exhibit R to Altomare Dec. page 2, ¶ 3 [Doc. 120 - 18 p. 2 of 19] and [Doc. 120 – 18, pp 13 – 16 of 19.]

Explaining why it is her opinion that plaintiff's expert's opinion of wage loss is speculative, Xitco notes the lack of documentation to support Burns' wage loss claims. At page 3 of Exhibit R, Xitco discloses that plaintiff has documented income of $1,500 in 2006 $7,200 in 2007 and $21,018 in 2008. She notes that that documentation does not support plaintiff's interrogatory responses which claimed income in 2006 at $76,600, $50,148 in 2007 and $16,253 in 2008. *Id.* at p. 3 [Doc. 120 – 8 p. 3 of 19.]

At deposition, she pointed out readily available sources by which Burns could establish his income with documentation: Social Security statements, tax returns, documents from employers or payors including pay stubs, 1099s, and W-2s. (Xitco Deposition, Exhibit Q to Altomare Dec. at 30:5-22, [Doc. 120-17 at p. 9 of 17]. She testified that it was her practice to request that type of documentation in the normal course of evaluating economic damages. *Id.* at 31:16-22. It is Xitco's conclusion that absent that kind of documentation and in view of the documentation that actually exists, there is no foundation for plaintiff's economist to assume a past and future income loss in the amount of $612,693. She supports her opinion regarding wages and earnings with documentation from the California Employment Development Department. *See* Exhibit Q to Altomare Dec. at 43:10-14 [Doc. 120-17 at p. 12 0f 17].

Likewise, Xitco found no basis for plaintiff's expert to assume a $200,000 loss in a business opportunity that had an 80% chance of failure. *See* Exhibit R to Altomare Dec. at pp. 6 – ,

///

16 [Doc. 120 – 18 at pp 6 – 7 of 19; *see also* Defendants' Motion in Limine 2 to exclude the alleged loss of income from the internet start-up business.

### III. ARGUMENT

Xitco will testify with regard to her analysis of the past and future wage loss claims and the methods and materials used by professionals to analyze these types of claims. She will not testify as to medical issues or Burns ability to work. She will testify what Burns could earn at various jobs based on data from the California Employment Development Department and other relevant sources.

Whether an economist should rely solely on Burns sworn testimony and interrogatory answers, rather than available documentation is an issue for the jury to decide and not an opinion that she will offer. She can testify as to what she would or would not rely on and why, and the availability of sources of information which would allow a party to document a claimed income loss.

Plaintiff's counsel was provided Ms. Xitco's complete file including a binder at the time of her deposition. *See* Exhibit Q to Altomare Dec at pp., 6:14-7:22; 11:24 [Doc. 1120 – 17 at pp 3 – 4 of 17]. Her file contained her exhibits that defendants intend to introduce at trial. Plaintiff's counsel looked at the binder but did not ask to copy it.

Defendants' Exhibit 251 is a simple graph of Burns' documented income, claimed income and plaintiff's own economist Allman's calculated income loss on one page for ease of explanation to the jury. All of the information on that graph came from Allman's and plaintiff's discovery responses. There is nothing new in the chart.

Defendants' Exhibit 252 is chart the explains the calculation of the discount rate and the different amounts derived over a period of 16 years suing factors of 1.4% and 2.5%. It puts a simple mathematics calculation into an understandable concept.

Defendants' Exhibit 253 is a listing of Burns' income prepared by Xitco from documents supplied by Burns. There is no new information. These documents will assist the jury in

HOWARD ROME MARTIN & RIDLEY LLP
1775 WOODSIDE ROAD, SUITE 200
REDWOOD CITY, CALIFORNIA 94061
TELEPHONE (650) 365-7715

understanding the income loss claim and will lessen the time it will take to present testimony in that regard.

### IV. CONCLUSION

Plaintiff's motion to disqualify Xitco, her opinions and exhibits has no basis and should be denied.

DATE:	May 9, 2011

HOWARD ROME MARTIN & RIDLEY LLP

By:	/s/ JOSEPH C. HOWARD, JR.
Joseph C. Howard, Jr.
Melissa M. Holmes
Attorneys for Defendants CITY OF REDWOOD CITY; JAIME MATEO and DAVID GOUGH