IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DOUGLAS BURNS,  No. C 08-2995 RS

        Plaintiff,  **ORDER RE: MOTIONS IN LIMINE**

  v.

CITY OF REDWOOD CITY, et al.,

        Defendants.
_____/

Plaintiff Burns' motions in limine are resolved as follows:

    1. <u>Motion to Exclude Evidence, Comment or Argument Re: Insurance or Other Collateral Source Payments.</u>

    Granted. *See, e.g.*, *Greer v. Buzgheia*, 141 Cal. App. 4th 1150, 1157 (Cal. Ct. App. 2006) ("*Nishihama* and *Hanif* stand for the principle that it is error for the plaintiff to recover medical expenses in excess of the amount paid or incurred. Neither case, however, holds that evidence of the reasonable cost of medical care may not be admitted. Indeed, *Nishihama* suggests just the opposite: Such evidence gives the jury a more complete picture of the extent of a plaintiff's injuries.")

2. <u>Motion to Exclude Evidence, Comment or Argument Re: Burns' Prior Arrest or Detention, or Other "Bad Acts" Evidence While He was Experiencing Hypoglycemic Events.</u>

Granted in part, denied in part. Defendants are foreclosed from mentioning payment of child support, details of Burns' and Lenci's divorce and custody proceedings, or prior arrests, as the probative value of this evidence is outweighed by the risk of undue prejudice. Otherwise, the motion is denied to the extent it requested exclusion of reference to all prior hypoglycemic events experienced by Burns.

3. <u>Motion to Exclude Evidence, Comment or Argument Re: Plaintiff's Prior Hypoglycemic Events and Diabetic Emergencies.</u>

Denied, except that the same prohibitions discussed above apply.

4. <u>Motion to Exclude Ex Wife Cheryl Lenci, and Evidence, Comment or Argument Concerning Any of Her Allegations.</u>

Although the same prohibitions discussed above apply, Lenci may testify as a percipient witness regarding her first hand perception of Burns' reactions to hypoglycemic events, as well as to what Burns told her about his medical bracelet on the night of the incident.

5. <u>Motion to Exclude Evidence, Comment or Argument Re: Burns' Prior Steriod Use.</u>

Granted.

6. <u>Motion to Exclude Defendants' Expert Xitco, her Undisclosed Data Summaries, and All Evidence, Comment or Argument Re: Her Report.</u>

Denied.

7. <u>Motion to Exclude Defendants' Undisclosed Witnesses.</u>

The motion is granted as to Chief Hernandez but denied as to Officer Clements.

Defendants' motions in limine are resolved as follows:

1. <u>Motion to Exclude Roger Clark From Giving Testimony Outside His Expertise As Well As Matters Not Relevant to the Case.</u>

Denied, although Clark shall be precluded from testifying to ultimate issues such as Burns' criminal intent or whether the officers employed excessive force.

2. <u>Motion to Exclude Testimony or Evidence Re: Speculative Damages for Loss of Internet Startup.</u>

Denied.

3. <u>Motion to Exclude Testimony or Evidence Re: Documentation of the Use of Force.</u>

Denied.

4. <u>Motion to Exclude Testimony or Evidence Re: Arrest or Criminal Prosecution.</u>

Granted, with respect to issuance of citations and prosecution history, but otherwise denied.

5. <u>Motion to Exclude Testimony or Argument Re: Equal Protection Claims (or Arguments that this Case is About the Safety of American Diabetics).</u>

Granted.

6. <u>Motion to Exclude Testimony or Evidence Re: the *Escobedo* Case (another excessive force case brought against the RCPD).</u>

Granted.

7. <u>Motion to Exclude Testimony or Evidence Re: *Miranda* Warnings.</u>

Granted.

8. <u>Motion to Exclude Testimony of Ian Lee, or to Limit Such Testimony.</u>

Granted; defendants will stipulate to Burns' blood sugar level as recorded on the night of the incident.

9. <u>Motion to Exclude Hearsay Testimony Re: Dart Board and Statements By Officer From Another District.</u>

Granted.

10. <u>Motion to Exclude Testimony or Evidence Re: Emotional Distress of Burns' Children.</u>

Plaintiff did not oppose this motion and it is granted.

11. <u>Motion to Exclude Testimony or Evidence Re: Potential Effect of Delay in Treating Insulin Shock.</u>

No. C 08-2995 RS
ORDER

3

Granted, to the extent that plaintiff may not suggest the delay impacted his *physical* health. Burns may offer evidence as to his perception of delay in receiving treatment.

12. <u>Motion to Exclude Testimony or Evidence Re: Medical Experts or Providers of Opinions on Proper Police Practices.</u>

Granted, to the extent that plaintiff may not elicit testimony as to training that occurred after the incident, but otherwise denied.

13. <u>Motion to Exclude Testimony or Evidence Re: Training That Could Have Been Done to Identify Individuals Suffering From Hypoglycemia.</u>

Granted. Plaintiff may introduce evidence as to the training the officers did receive, but may not refer to training that occurred after the incident.

14. <u>Motion to Exclude the Video Deposition of Steven Edelman.</u>

Denied, without prejudice. In the invent plaintiff seeks to introduce Edelman's video testimony, defendants may renew the objection.

15. <u>Supplemental Motion to Amend Witness List and Exhibit List to include Redwood City Firefighter / Paramedic Paul Sherwood and his Incident Report and Pre-hospital Care Report.</u>

Granted.

IT IS SO ORDERED.

Dated: 5/13/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

No. C 08-2995 RS
ORDER

4